# Case Docket Entries

CC-06-2025-C-259

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Court: | **Circuit** | County: | **06 - Cabell** | Created Date: | **6/16/2025** | Security Level: | **Public** |
| Judge: | **Chad S. Lovejoy** | Case Type: | **Civil** | Case Sub-Type: | **Other** | Status: | **Open** |

Related Cases:

Style:    **Kirsten Orsbon v. Walmart, Inc.**

| | Entered Date | Event | Ref. Code | Description |
|---|---|---|---|---|
| 1 | 6/16/2025 3:09:18 PM | E-Filed | | Complaint |
| | 1-1  6/16/2025 | Civil Case Information Statement | | |
| | 1-2  6/16/2025 | Complaint - Complaint | | |
| | 1-3  6/16/2025 | Transmittal | | |
| | 1-4  6/16/2025 | Summons | | |
| 2 | 6/16/2025 3:09:18 PM | Judge Assigned | J-06011 | Chad S. Lovejoy |
| 3 | 6/16/2025 3:09:18 PM | Party Added | P-001 | Kirsten Orsbon |
| 4 | 6/16/2025 3:09:18 PM | Party Added | D-001 | Walmart, Inc. |
| 5 | 6/16/2025 3:09:18 PM | Attorney Listed | P-001 | A-6479 - Hoyt Eric Glazer |
| 6 | 6/16/2025 3:09:18 PM | Service Requested | D-001 | Filer - Certified Mail |
| 7 | 6/17/2025 12:15:51 PM | E-Filed | | Order - Case - INITIAL CASE ORDER |
| | 7-1  6/17/2025 | Order - INITIAL CASE ORDER | | |
| | 7-2  6/17/2025 | Transmittal | | |
| 8 | 6/30/2025 11:51:04 AM | E-Filed | | Service Return - Return of Service |
| | 8-1  6/30/2025 | Service Return - Return of Service | | |
| | 8-2  6/30/2025 | Transmittal | | |

EXHIBIT

_A_

# SUMMONS



## IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA
### Kirsten Orsbon v. Walmart, Inc.

Service Type:    Filer - Certified Mail

NOTICE TO:   Walmart, Inc., 5098 Washington St. W. Ste. 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Hoyt Glazer, PO BOX 1638, , HUNTINGTON, WV 25717

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

6/16/2025 3:09:13 PM                          /s/ Michael J. Woelfel

    Date                                              Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on    _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to    _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to

_____, someone who is eighteen (18) years of age or above and resides there.

☐ Not Found in Bailiwick

_____                    _____
    Date                                       Server's Signature



E-FILED | 6/16/2025 3:09 PM
CC-06-2025-C-259
Cabell County Circuit Clerk
Michael J. Woelfel

## IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA
## AT HUNTINGTON

KIRSTEN ORSBON,

      Plaintiff,

v.

WALMART, INC.

      Defendant.

Civil Action No.

## COMPLAINT.

This is an action under federal and West Virginia law to make whole and compensate the Plaintiff, Kirsten Orsbon, for the unlawful actions and employment practices of the Defendant, Walmart, Inc. Plaintiff contends the Defendant unlawfully terminated and discriminated against her in violation of the Family and Medical Leave Act of 1993 (FMLA), 29 USC §2601 *et seq.* and the West Virginia Human Rights Act (WVHRA) (W. Va. Code §16B-17-1 *et seq.*), when it terminated her for the same conduct that resulted in only a suspension for a similarly-situated, male co-worker. Ms. Orsbon seeks all remedies available under these statutes and law.

### PARTIES

1. Plaintiff, Kirsten Orsbon, is and, at all times alleged, was a citizen and resident of Lawrence County, Ohio.

2. Defendant, Walmart, Inc., is a $750 billion dollar Arkansas corporation doing business in West Virginia, that operates thousands of retail stores in the United States.

3. At all times alleged, Defendant acted through its agents, employees, supervisors, directors, officers and assigns and within the full scope of agency, office, employment, or assignment.

1.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction and venue over this civil action under Article VIII, § 6 of the West Virginia Constitution and West Virginia Code § 56-1-1.

## ALLEGATIONS OF FACT

5.  On October 1, 2020, Ms. Orsbon began her employment with Walmart.

6.  Ms. Orsbon last earned $19.10/hr. as a personal shopper for Defendant.

7.  At all times during her employment, Ms. Orsbon met or exceeded Defendant's legitimate expectations of her performance.

8.  Earlier this year, Ms. Orsbon required FMLA leave for the birth of her daughter.

9.  After receiving approved FMLA leave from the Defendant, Ms. Orsbon returned to her employment on May 10, 2025.

10. Last week, on Sunday, June 8, 2025, Ms. Orsbon, and the father of their infant, were involved in a domestic incident that resulted in legal action.

11. Defendant has a written policy that requires its associates to report legal matters involving offenses against people within three calendar days of the arrest, charge, or conviction.

12. Both Ms. Orsbon and her former partner reported the legal matter to Defendant within three, calendar days of its occurrence.

13. Before Ms. Orsbon timely reported the matter, however, her partner falsely alleged that the matter was a felony.

14. The Defendant suspended Ms. Orsbon and her partner, but then terminated only Ms. Orsbon because it erroneously claimed she did not report the legal matter timely, and also because it was a felony.

15. Ms. Orsbon's former partner remains employed with Defendant, and is under suspension

until July 14, 2025, at which time the Defendant will allow him to return to employment if the charges are dismissed.

16. On information and belief, Ms. Orsbon understands that the criminal charges against both her and her former partner will most likely be dismissed.

17. Ms. Orsbon further alleges that her former partner may also receive pay during his suspension should he apply for the same with Defendant.

18. Since her termination, Ms. Orsbon has obtained employment, but earns substantially less in wages, and will suffer economic and non-economic damages for which she seeks relief below.

## COUNT I: RETALIATION FOR ENGAGING IN PROTECTED CONDUCT UNDER THE FAMILY AND MEDICAL LEAVE ACT

19. Plaintiff incorporates the previous paragraphs as if set forth herein.

20. When Plaintiff requested and/or required leave, she was qualified and eligible to take leave under the FMLA due to her own serious health condition.

21. Prior to and at the time when she required FMLA leave, Plaintiff had been employed by Defendant longer than twelve (12) months and had worked at least twelve hundred fifty (1250) hours of service for Defendant.

22. Defendant is and was a covered employer under the FMLA, and employs 50 or more employees within 75 miles of the location where Plaintiff was employed.

23. Plaintiff requested and received approval for leave for her serious health condition or pregnancy.

24. In receiving FMLA leave for the birth and subsequent care of her daughter, Plaintiff engaged in conduct protected under the FMLA that entitles her to all relief under the FMLA statute.

3

25. Plaintiff's eligibility for and entitlement to FMLA leave was a motivating factor in Defendant's decision to take adverse action against her.

26. In taking the above-described adverse actions against Plaintiff, Defendant retaliated against Plaintiff based on her eligibility and need for FMLA benefits.

27. Defendant's termination of Plaintiff was in bad faith, malicious, reckless and purposefully indifferent to Plaintiff's rights under the FMLA and its obligation to provide her with FMLA notice.

28. Any reason provided by the Defendant as alleged grounds for Plaintiff's discharge constitutes unlawful pretext for the real reason for Plaintiff's discharge—her eligibility and right to receive protected FMLA leave for her serious health conditions.

29. As a result of Defendant's retaliation against her, Plaintiff has suffered monetary damages, which she seeks relief for as requested in the prayer.

## COUNT II: GENDER DISCRIMINATION UNDER THE WVHRA

30. Plaintiff incorporates the previous paragraphs.

31. Under § 16B-17-3(h) of the West Virginia Human Rights Act, the term "discriminate" or "discrimination" means "to exclude from, of fail or refuse to extend to, a person equal opportunities because of race, religion, color, national origin, ancestry, sex, age, blindness, disability or familial status. . .."

32. Plaintiff is a female, and her gender status received protection under the West Virginia Human Rights Act against all Defendant's adverse actions based on her gender.

33. Throughout her employment, Ms. Orsbon satisfied all requisite job qualifications, was qualified for the position she held, and performed her job in a manner that met or exceeded the Defendant's legitimate expectations.

4

34. During her employment, Plaintiff was subjected to unlawful discrimination based on her gender.

35. Defendant had the power to alter or affect the terms and conditions of Plaintiff's employment, and Defendant denied Plaintiff benefits of employment by failing to continue Plaintiff's employment.

36. The Plaintiff's gender is and was a motivating factor in the Defendant's above-described adverse decisions and actions against her and its failure to provide her with a work environment free from gender discrimination.

37. Defendant's treatment of Plaintiff was done with malice and with reckless indifference to his rights and her emotional and physical well-being.

38. As a direct and proximate result of Defendant's actions and/or failure to take appropriate action, Ms. Orsbon has suffered and continues to suffer substantial damages. Wherefore, she requests relief as provided in the prayer.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

On Count I, grant Plaintiff back wages, liquidated damages, reinstatement and/or front pay, the costs of litigation, including court costs, expert witness fees, reasonable attorney fees, and all other relief available under the FMLA;

On Count II, grant Plaintiff actual damages for lost wages, front pay, back pay, fringe benefits and other actual damages according to the evidence and as determined by a jury;

On Count II, grant Plaintiff general and compensatory damages for annoyance, inconvenience, embarrassment, humiliation, and emotional distress suffered by Plaintiff as a direct and/or proximate result of Defendant's conduct;

5

On Count II, grant Plaintiff punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish the Defendant for its reckless and willful actions;

Prejudgment and post-judgment interest on all amounts allowed by law;

All costs incurred in pursuing this action;

Attorney fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

PLAINTIFF, KIRSTEN ORSBON
By Counsel,

s/Hoyt Glazer
Hoyt Glazer, Esq. (WV Bar No. 6479)
GLAZER SAAD ANDERSON L.C.
320 Ninth Street, Suite B
Huntington, WV 25701
T. 304 522-4149
hoyt@gsalaw-wv.com

6

/s/ Chad S. Lovejoy
Circuit Court Judge
Ref. Code: 25PBHVRIX

E-FILED | 6/17/2025 12:15 PM
CC-06-2025-C-259
Cabell County Circuit Clerk
Michael J. Woelfel

### In the Circuit Court of Cabell County, West Virginia

**Kirsten Orsbon,**
Plaintiff,

v.                                                     Case No. CC-06-2025-C-259
                                                        Judge Chad S. Lovejoy

**Walmart, Inc.,**
Defendant

## INITIAL CASE ORDER

Pursuant to the West Virginia Rules of Civil Procedure and the West Virginia Trial Court Rules, which place an affirmative duty upon trial courts to ensure the prompt, fair, and cost-effective resolution of civil matters, this Court hereby **ORDERS** that, within seventy-four (74) days of effective service of process having been achieved as to any defendant named in this action, the following shall be filed by one or more parties to this action:

(1) a written report outlining the parties' proposed discovery plan under Rule 26(f) of the West Virginia Rules of Civil Procedure, provided that, if included in the report, any deadline for completing discovery, completing mediation, and filing pre-trial memoranda, along with dates for a pre-trial conference and trial will be binding upon the parties and the Court only if they are set during a scheduling conference with the Court and either;

(2) a written request that the Court conduct a scheduling conference, with such written request containing the names and email addresses of all counsel of record and any unrepresented litigants; or

(3) a motion setting forth good cause as to why the Court should not issue a scheduling order within the time provided in Rule 16(b)(3) of the West Virginia Rules of Civil Procedure, provided that no such motion shall be required if, within the seventy-four-

day period described above, one of the following motions is filed: a motion for

default judgment, a motion to dismiss, or a motion for judgment on the pleadings.

It is further **ORDERED** that the plaintiff(s) shall timely provide a copy of this Order to

any defendant upon whom it has served process.

The Clerk is directed to provide a copy of this Order to counsel for the plaintiff(s) or to

plaintiff(s) directly if unrepresented by counsel.

Entered this ___ day of ____, 2025.


**/s/ Chad S. Lovejoy**
Circuit Court Judge
6th Judicial Circuit


Note: The electronic signature on this order can be verified using the reference code that appears in the upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.

E-FILED | 6/30/2025 11:51 AM
CC-06-2025-C-259
Cabell County Circuit Clerk
Michael J. Woelfel

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Walmart c/o CT Corportation
5098 Wahington, St. W. Ste 407
Charleston, WV 25313

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 8746 3310 7587 45

2. Article Number (Transfer from service label)
9589 0710 5270 2355 2267 81

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X [signature]    ☐ Agent
                 ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
N. Mushung                       6/18/25

address different from item    ☐ Yes
r delivery address bel         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ed Mail
☐ ed Mail Restricted Delivery
   $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt